USDC CLERK RECEIVED

2006 AUG 30 A 8: 03

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Hitt, #188788, | C.A. 2:04-21999-TLW-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Amy Enloe, Head Nurse-Technician at Perry Correctional Institution; and Stephen Claytor, Associate Warden of Perry Correctional Institution, sued for Injunction officially and damages in Individual capacities, | |
| Defendants. | |

This civil rights action pursuant to 42 U.S.C. § 1983[1] and pendent state law claims, brought by a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgment. 28 U.S.C. § 636(b).

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

On August 30, 2004, the plaintiff, Michael Hitt, sued Amy Enloe, the Head Nurse-Technician at Perry Correctional Institution (PCI), a South Carolina Department of Corrections (SCDC) institution at Pelzer, South Carolina, and Stephen Claytor, Associate Warden of PCI.  Hitt alleges that the defendants denied and delayed his serious medical needs with deliberate indifference in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment.  Hitt sought an injunction in the defendants' official capacities, unspecified damages in the defendants' individual capacities, attorney's fees pursuant to 42 U.S.C. § 1988, and appointment of counsel.

After the complaint was filed and amended, and the defendants answered and filed a motion for summary judgment on December 21, 2004, denying all allegations and raising various defenses.  On December 23, 2004, the plaintiff was provided a copy of the defendants' motion with affidavits and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  This motion was withdrawn by the defendants on July 12, 2005.

The plaintiff was appointed counsel on April 4, 2005.  On June 2, 2006, after both parties had conducted the relevant discovery, the defendants filed the instant motion for summary

2

judgment with attached exhibits, raising various defenses, including qualified immunity. On June 20, 2006, the plaintiff responded. Hence, consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

The burden of summary judgment is on the defendant, as the moving party, to demonstrate the absence of any genuine issues of material fact. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to plaintiff, as the party opposing the motion. United States v. Diebold, 369 U.S. 654, 655 (1962); Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473 (1962).

In determining whether summary judgment may be granted, the district court must perform a dual inquiry into the genuineness and materiality of any purported factual issues. Though the burden of proof rests initially with the moving party when a motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertions of his pleadings. Fed. R. Civ. P. 56(e). See, First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968).

Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice. A trial exists

to resolve what reasonable minds would recognize as real factual disputes. See, Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir. 1980); Atlantic States Construction Co. v. Robert E Lee & Co., 406 F.2d 827, 829 (4th Cir. 1969).

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56 (c); see also, Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp.,

4

475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. <u>See</u>, <u>Anderson</u>, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. <u>Id.</u>, 477 U.S. at 252.

## FACTS

The relevant facts, either undisputed or according to the plaintiff, and taken in the light most favorable to the plaintiff as the non-moving party for purposes of the defendants' motion are as follow.

On December 25, 2003, the plaintiff slipped and fell in his cell and injured his hip. (Complaint p. 3). He complained to staff that he was experiencing pain and requested medical attention. <u>Id.</u> He was given tylenol and an ice pack and the officer signed him up for sick call. <u>Id.</u> On December 29, 2003, the plaintiff was taken to sick call where he was first seen by a nurse. The nurse's notes indicate that he complained of pain in his hip, was brought to sick call in a wheelchair because he

could not bear weight on it, and he stated the ibuprofen he had been given "helps some." (Plaintiff's response Ex. B). The nurse also noted that there was no bruising or swelling seen and that the cause of pain was a possible dislocated hip. Id.

The plaintiff was then examined by defendant Amy Enloe. Her notes indicate that the plaintiff "ambulates with limp to left leg," that he had "no leg length discrepancy," that he was "tender to left lateral upper thigh," and that his hip was "non-tender to palpation." Id. In light of her examination, Nurse Enloe diagnosed Hitt with a muscle strain of the upper left thigh and she prescribed motrin, percogesic, and some movement. Id.

After his initial sick call, the plaintiff continued to complain of pain in his hip. (Complaint p. 3). He had a follow up visit on January 2, 2004, at which he complained of pain in his hip and claims to have requested an x-ray to Nurse Moore. Id. During the examination the nurse noted that there was a small bruise on his left thigh. (Plaintiff's response Ex. B). She also noted that the plaintiff "confesses to daily vigirous [sic] exercise routine." Id. Nurse Moore prescribed additional pain medication and told the plaintiff to "avoid exercise until site healed." Id.

The plaintiff continued to complain of pain and on January 7, 2004, he was seen again and requested an x-ray and to be seen by a physician. Id. Nurse Enloe did not see the plaintiff at

this time, but signed off to have Hitt transported to Kirkland Correctional Infirmary (KCI) for an x-ray in light of plaintiff's continued pain. Id. Hitt was taken to KCI on January 9, 2004, and was x-rayed. Id. The x-ray technician decided that there was a possible fracture, called the medical staff at PCI who directed them to send Hitt to Richland Memorial Hospital in Columbia, South Carolina, to an orthopedic with instructions for the driver "not to allow i/m (inmate) to exit van on foot." Id.

A hip fracture was confirmed, and Hitt underwent surgery on his hip on January 13, 2004. (Complaint p. 4). The surgery was performed by Dr. David Koon of Richland Memorial. Id. Dr. Koon performed the surgery without complication and reported that Hitt did well postoperatively and that "[o]n postoperative day #1 [plaintiff] was able to ambulate 150 feet without difficulty." (Plaintiff's response Ex. C). Hospital notes by Dr. Koon dated January 14, 2004, state, "prob. d/c to Kirkland tomorrow." (Id.) On January 15, 2004, the plaintiff was discharged with the following instructions, "[H]e may be weight bearing as tolerated on his left lower extremity. He is to keep his wound clean and dry with no showers for a week. . . . He should return to the SCDC Orthopedic Clinic on January 26, 2004." Id. The plaintiff was then returned to his cell at Perry Correctional Institution.

He was seen for a follow up by Nurse Enloe on January 20, 2004, and was reported to be doing well and able to move with his

7

crutches. (Enloe aff. ¶¶ 46-47). She saw him again on January 28, 2004, and he complained that the wound was draining. <u>Id.</u> at ¶¶ 50. She noted that it was slightly red and swollen so she prescribed Bactrin to help eliminate infection. <u>Id.</u> at ¶¶ 51-52. The plaintiff was scheduled for and taken to three follow up visits[2], and his hip successfully healed. <u>Id.</u> at ¶¶ 55, 59, 63-64). Nurse Enloe followed all instructions from Dr. Koon after the follow ups and did not see the inmate again after taking twelve week maternity leave on February 15, 2004. <u>Id.</u> at ¶¶ 56-57, 62.

At one point during his convalescence, the plaintiff admittedly used his crutches to cause a disruption by banging the crutches against the food flap in the door of his cell. After warning the plaintiff to stop, Lieutenant Blackwell, who is not a defendant here, took the crutches from the defendant but returned them for movements outside of his cell. (Hitt depo. P.115 L.16, P.116 L.5, Clayton Depo. P.30-37 ). There is no medical evidence that this effected the plaintiff's convalescence.

## APPLICABLE LAW

### EIGHTH AMENDMENT

Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain

---

[2] Follow ups on February 2, 2004, March 1, 2004, and April 12, 2004. (Enloe aff. ¶¶ 55, 59, 63).

8

proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848 at 851 (4th Cir. 1990). Deliberate indifference is a high standard, requiring more than a showing of mere negligence. Young v. City of Mount Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001). An Eighth Amendment violation occurs where treatment is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn at 851-52. A serious medical need is one that poses a substantial risk of serious injury to health and safety. Young v. City of Mount Ranier at 576.

## QUALIFIED IMMUNITY

Public officials such as these defendants are free from liability for monetary damages if they plead and prove that their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982); American Civil Liberties Union, Inc. v. Wicomico County, 999 F.2d 780 (4th Cir. 1993). Summary judgment is a particularly appropriate procedure for determining entitlement to qualified immunity and the defendants have raised this immunity in their motion. Torchinsky v. Siwinski, 942 F.2d 257 (4th Cir. 1991).

The standard of review on summary judgment is whether there exists genuine issues of clearly established constitutional violation. <u>Turner v. Dammon</u>, 848 F.2d 440 (4th Cir. 1988).

**DISCUSSION**

A review of the record and relevant case law reveals that the defendants' motion should be granted.

The plaintiff alleges his rights under the Eighth Amendment were violated by acts of the defendants Enloe and Claytor.

The plaintiff alleges that Nurse Enloe was deliberately indifferent to his serious medical needs. It is undisputed that a hip fracture is a serious medical need, however, the plaintiff has failed to show deliberate indifference on the part of Nurse Enloe or Associate Warden Claytor.

Plaintiff claims that for four days between December 25 and December 29, 2003, he had to wait before the first available sick call. However, the plaintiff has not presented any evidence that either Enloe or Claytor had any direct knowledge of the plaintiff's condition until December 29, 2003, when he was seen by Enloe. It is well established that for an individual to be liable under Section 1983, the official charged must be affirmatively shown to have acted personally in the deprivation of the plaintiff's rights. <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 928 (4th Cir. 1977). Further, <u>respondeat superior</u> generally has no application in Section 1983 claims. <u>Monnell v. Department of</u>

10

Social Servs., 436 U.S. 658, 694 (1978). Here there is no evidence that Enloe or Claytor did anything to delay the plaintiff's requests to go on sick call or had any knowledge he was attempting to go on sick call.

When the plaintiff first appeared before Nurse Enloe, she reviewed the medical records and examined the plaintiff. She noted no leg length discrepancy, no bruising or swelling, the ability to walk albeit with a limp, non tender to palpation, and a full range of motion. (Enloe aff. ¶¶ 12, 16-17, 19). Based on these observations, she diagnosed Hitt with a muscle sprain of the upper left thigh, and she prescribed him appropriate pain medications. Id. at ¶ 22. After the plaintiff continued to complain of pain in his hip on January 7, 2004, she scheduled him for an x-ray to rule out possible fractures. Id. at ¶¶ 30, 32-33). The undisputed testimony from Hitt's orthopedist, Dr. Koon, and a specialist, Dr. William Jernigan, is that Nurse Enloe's findings would indicate a sprain rather than a fracture in a patient like the plaintiff. (Koon depo. Pgs. 55-56, 59; Jernigan aff. ¶ 14). There is simply no evidence of deliberate indifference on the part of Nurse Enloe.

The plaintiff relies in part on the decision in Majors v. Thompson, 2006 WL 91569 (D.S.C. 2006). In Majors, the plaintiff fell and broke his wrist, was misdiagnosed by the nurse practitioner, repeatedly complained over a three and a half (3½)

month period of pain, and was not taken for x-rays until almost four months later, and this was enough to preclude summary judgment. Id. at 4. However, this is not comparable to the facts in this instance. In the present case, Hitt was given diagnosed with a strain on December 29, 2004, after which he continued to complain of pain and was thus sent for an x-ray approximately one week later. He successfully underwent surgery for his injury four days after being x-rayed. This is not comparable to the fact is in Majors and does not rise to the level of deliberate indifference.

Deliberate indifference is a high standard, requiring more than a showing of mere negligence. Young v. City of Mount Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001). Alleging only negligent diagnosis or medical malpractice does not state a valid eighth amendment claim of cruel and unusual punishment. See, Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986) (Inmate who died from swallowing steak bone because he was misdiagnosed as having gastritis by on site physician failed to show deliberate indifference in order to overcome summary judgment.).

The plaintiff next claims that defendant Claytor was deliberately indifferent to his needs when he returned the plaintiff to Perry rather than keeping him in the Kirkland Infirmary. Any claim that Claytor disregarded Dr. Koon's medical directives is wholly unsupported by the facts. Medical records

12

contain a notation by Dr. Koon that he would probably release the plaintiff back to Kirkland. The plaintiff asserts that Dr. Koon directed the plaintiff be taken to the Kirkland Infirmary for recuperation. Dr. Koon however, by deposition, denied that the plaintiff needed to recuperate in the Kirkland Infirmary and asserted that his notation concerning a release to Kirkland was a generic notation meaning release back to the South Carolina Department of Corrections. (Koon's Depo. TR 64-65). Additionally there is nowhere in the medical record any notation that the plaintiff was to be discharged to the Kirkland Infirmary for a six week period of recuperation as alleged by the plaintiff.

Even viewing the facts in the light most favorable to the plaintiff and accepting as true that Koon may have given the plaintiff the impression he would be returned to the Kirkland Infirmary for six weeks of recuperation, such a recommendation is not noted in the plaintiff's medical records and there is no evidence that such a direction was given to Claytor. Accordingly it cannot be said that Claytor acted to disregard a medical directive or otherwise was deliberately indifferent to a serious medical need.

The second claim is that Claytor ordered the removal of Hitt's crutches when he used them to cause a disruption by banging the crutches against the food flap in the door of his cell. There is no evidence that Claytor ordered the removal of

the plaintiff's crutches and Claytor indicates he had no involvement in the incident. While aparently Lieutenant Blackwell and Captain Miller were involved and they are subordinates of defendant Claytor, there is no indication that Claytor acted personally in the incident.

Furthermore, there is no showing that taking away the crutches under the circumstances presented here violated a constitutional right, but be that as it may, Claytor's lack of involvement dooms the claim. <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 928 (4th Cir. 1977); <u>Monnell v. Department of Social Servs.</u>, 436 U.S. 658, 694 (1978).

The plaintiff has failed to show a genuine issue of material fact that defendant Claytor violated any constitutional rights.

To the extent that Hitt also complains that the defendants violated laws of the State of South Carolina, those complaints are not individually actionable here and this court should not assume jurisdiction over them in light of the summary dismissal of the federal claims.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motion be granted, that the

court decline to exercise jurisdiction over any state claims and that any other pending motions be deemed moot.

                                    Respectfully submitted,

                                    Robert S. Carr
                                  United States Magistrate Judge

Charleston, South Carolina
August 29, 2006

Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *
> We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

16